```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

SHAWN HAVRILLA                      :
P.O. Box 5672                       :
Arlington, VA   22205               :
                                    :
        Plaintiff,                  :
                                    :
v.                                  :    Civil Action No.
                                    :
DRINKER BIDDLE & REATH LLP          :    (Jury Demanded)
1500 K Street, NW Suite 1100        :
Washington, D.C. 20005              :
                                    :
        Defendant.                  :
```

COMPLAINT

Parties

COMES NOW the Plaintiff, Shawn Havrilla, through her attorney, Nils G. Peterson, and for her Complaint against the Defendant, Drinker Biddle & Reath, LLP ("Drinker"), alleges as follows:

1.   Plaintiff Shawn Havrilla is a resident of the Commonwealth of Virginia.  Defendant employed Plaintiff in the District of Columbia.

2.   Defendant Drinker is registered to do business in the District of Columbia and has done business in the District of Columbia during all times material hereto.

COUNT I   FAILURE TO PAY PROPER WAGES

3.   Jurisdiction of this action is conferred on this Court by §16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), (the "Act" or "FLSA") and pendent jurisdiction.

4.   At all times hereinafter mentioned, Defendant was engaged in the provision of legal services in the District of Columbia.  The provision of such services directly affects interstate commerce.

During the course of her employment Plaintiff affected interstate commerce by her actions in consuming goods that traveled in interstate commerce and sending mail and other items that travelled in interstate commerce.

    5.    From 2006 through June 2008, Defendant employed Plaintiff as a secretary.

    6.    Plaintiff's position was non-exempt under the FLSA.

    7.    Plaintiff was required to work hours over 40 per week. During her employment Plaintiff was not paid proper overtime for the work time spent over 40 hours despite providing Defendant with documents demonstrating the time she worked.  Additionally, Plaintiff was not paid proper overtime in the week that she worked such overtime.

    8.    On information and belief, Plaintiff worked weeks of over forty hours.

    9.    Defendant and executives employed by Defendant were aware that Plaintiff regularly performed such extra work and Defendant required this extra work as a condition of continued employment.

    10.    Defendant condoned and benefitted from the performance of such extra work time over 40 hours per week.

    11.    Plaintiff was not properly compensated by Defendant for all the hours over forty per week he worked during the period of her employment.

    12.    Upon information and belief, Defendant knew of its duty and obligation to pay proper overtime wages for all the hours worked in excess of 40 hours per work week, and Defendant knowingly failed and

refused to follow the lawful requirements. Defendant's acts and omissions constitute wilful violations which entitle Plaintiff to liquidated damages for knowing violations.

13. During said time period, Plaintiff was not paid proper overtime for all hours worked in excess of 40 hours each work week in wilful violation of §7 of the Act, 29 U.S.C. §207 and the District of Columbia Wage Act, D.C. Code 32-1001 et seq.

14. As a result of the foregoing wilful unlawful conduct on the part of Defendant, Plaintiff has suffered damages since she has not received proper overtime. Plaintiff further seeks liquidated damages equal to the wages due but not paid as a result of Defendant's wilful failure to pay proper overtime in violation of §7 of the Act, 29 U.S.C. §207 and D.C. Code 32-1001 et seq.

WHEREFORE, Plaintiff prays that this Honorable Court grant her judgment against the Defendant for the amount of unpaid overtime owed Plaintiff, and prejudgment interest thereon at the lawful rate, on the basis of Defendant's wilful violation of the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. and D.C. Code 32-1001 et seq., and award Plaintiff (1) an equal amount in liquidated damages, (2) reasonable attorneys' fees and costs of suit, and (3) such other and further relief as this Court deems equitable and just.

## COUNT II
### Breach of Contract

15. Plaintiff restates and realleges paragraphs 1 to 14 as if

fully set forth here.

    16.  Plaintiff agreed with Defendant that she would receive time and one half her regular rate for all hours over 35 in a workweek.

    17.  Defendant materially breached the agreement with Plaintiff by failing to pay Plaintiff the agreed time and one half her regular rate for hours over thirty five in all workweeks.

    WHEREFORE, Plaintiff prays this honorable Court award her the promised additional compensation that Defendant did not pay her.

**JURY**

Plaintiff requests a jury trial on all issues.

                                Shawn Havrilla
                                By Counsel

_____
Nils G. Peterson
DC Bar No. 295261
2009 N. 14th Street, Suite 708
Arlington, VA  22201
(703) 527-9900